UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARALD S. EASTIN, | Case No. ED CV 11-1830 GHK (MRW) |
| Petitioner, | |
| vs. | ORDER DISMISSING ACTION |
| MATTHEW CATE, Warden, | |
| Respondent. | |

The Court dismisses Petitioner's defective state habeas action as untimely.

According to the Petition and the lodged state court records, Petitioner pled guilty in 2003 to several charges of sexually abusing a child. The state court sentenced Petitioner to a 25-year prison term. Petitioner did not appeal his guilty plea or sentence. (Docket # 6 (dismissal motion) at 1-2.)

In June 2010 – seven years after his conviction became final – Petitioner filed a habeas petition in the state superior court. The petition alleged that the sexual abuse charges violated the Ex Post Facto Clause, and that Petitioner's attorney provided ineffective assistance of counsel. The court denied the petition

as untimely. (Lodgment # 3.) Petitioner subsequently filed habeas petitions in the state appellate and supreme courts; both were denied without comment.

In 2011, Petitioner filed this habeas action in federal court alleging the same errors. The Court screened the original petition shortly after filing. In response to Magistrate Judge Wilner's screening order (Docket # 3), Respondent moved to dismiss the action as untimely and procedurally defaulted. Petitioner opposes the motion. Although apparently conceding that his action is untimely, Petitioner claims that he is entitled to equitable tolling of the AEDPA limitations period because he "has been pursuing his rights diligently and 'extraordinary circumstances'" prevented timely filing of his federal action. (Docket # 8 at 2.) However, the only information Petitioner provides on this point is that he spoke with an inmate in 2010 who assisted him in filing his state habeas action long after the conclusion of his criminal case. (Id.) Neither the petition nor the opposition to dismissal motion contain any further explanation or evidence regarding the delay in filing.

\* \* \*

AEDPA imposes a one-year limitation period on state prisoners who seek federal habeas review of their claims. 28 U.S.C. § 2244(d)(1). The statute of limitations is triggered when state court appellate review becomes final, an unlawful state impediment to filing is removed, a new constitutional right is made retroactive, or the factual predicate of the claim(s) presented could have been discovered with "due diligence." 28 U.S.C. § 2244(d)(1)(A)-(D); Lee v. Lampert, 653 F.3d 929, 933 (9th Cir. 2011).

AEDPA's statutory limitations period may be tolled for equitable reasons "in appropriate cases." Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). The Ninth Circuit recognizes the availability of equitable tolling of the one-year statute of limitations in situations where "extraordinary circumstances

beyond a prisoner's control make it <u>impossible</u> to file a petition on time." <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003) (emphasis added). A prisoner must establish that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstances caused the delay. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005). This is a highly fact-dependent determination. <u>Spitsyn</u>, 345 F.3d at 799.

The words "extraordinary" and "impossible" suggest the limited availability of this doctrine. Indeed, equitable tolling is "unavailable in most cases." <u>Miles v. Prunty</u>, 187 F.3d 1104, 1007 (9th Cir. 1999). This difficult burden ensures the exceptions do not swallow the rule. <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002). The rare cases warranting relief involve extreme circumstances beyond a prisoner's control that directly prevented the petitioner from filing.

In the present case, Petitioner did not file his federal petition until 8 years after his guilty plea became final. This is well after the one-year limitations period imposed by AEDPA.

To avoid operation of the statute of limitations, Petitioner claims that he is entitled to equitable tolling of the limitations period. However, Petitioner does not demonstrate any extraordinary circumstance that prevented him from pursuing this habeas claim in a timely way during the intervening years. Petitioner did not appeal his original plea or sentence. He also provides no explanation as to how he was supposedly prevented from discovering the factual predicate of his habeas allegations or filing his state actions earlier. The only argument Petitioner makes is that he recently met an inmate who helped him file his habeas action years after his

conviction. That minimal statement is insufficient to meet the "extraordinary circumstances" standard established under federal law.[1]

The Court therefore orders that the case be DISMISSED without prejudice for the reasons stated in this order.

IT IS SO ORDERED.

DATED: January 18, 2012

_____
HON. GEORGE H. KING
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[1] As an alternate ground for dismissal, Respondent argues that Petitioner's claims are procedurally barred because the state superior court denied the original state petition as untimely. Walker v. Martin, \_\_\_ U.S. \_\_\_, 131 S. Ct. 1120 (2011). However, the state supreme court granted Petitioner permission to file an untimely habeas petition in that court (which it subsequently denied without comment). (Lodgment # 7.) Given the ambiguous nature of that ruling, the Court declines to address the procedural bar issue and dismisses the action based on the AEDPA time limitation ground explained above.